UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


KEYON BELL,

          Petitioner,

v.                         Case No. 3:15-cv-987-J-39JBT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

          Respondents.

_____


## ORDER

### I.  INTRODUCTION

Petitioner Keyon Bell challenges a 2009 Duval County conviction for first degree felony murder.  <u>See</u> Second Amended Petition for Writ of Habeas Corpus (Petition) (Doc. 18).  He is represented by counsel.  Petitioner raises three claims for habeas relief, claiming he received the ineffective assistance of trial counsel.  This Court must be mindful that in order to prevail on this Sixth Amendment claim, Petitioner must satisfy the two-pronged test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984), requiring that he show both deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different).

Respondents filed an Answer to Second Amended Petition for Writ of Habeas Corpus (Response) (Doc. 25). In support of their Response, they submitted an Appendix (Doc. 25).[1] Petitioner filed a Response to Order to Show Cause (Doc. 29), stating his intent to rely upon the previously submitted Petition.

## II.  CLAIMS OF PETITION

Petitioner raises three grounds in his Petition. They are: (1) the ineffective assistance of trial counsel for failure to object contemporaneously to the prosecution's misstatement that "Antonio Bell gave correct information," resulting in the jury being mislead and Petitioner being prejudiced by the implication that he made a statement on the stand; (2) the ineffective assistance of trial counsel for failure to challenge Juror Reed for cause, resulting in at least one actually biased juror serving on the jury; and (3) the ineffective assistance of trial counsel for failure to adequately preserve a Batson[2] claim for appellate review with respect to Juror Marquiss Gibson. Petition at 5, 9, 13.

---

[1] The Court hereinafter refers to the exhibits contained in the Appendix as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the exhibit. Otherwise, the page number on the particular document will be referenced. The Court will reference the page numbers assigned by the electronic docketing system where applicable.

[2] Batson v. Kentucky, 476 U.S. 79, 89 (1986).

Respondents contend that ground one presents a new claim not raised in state court that is unexhausted and procedurally defaulted. Response at 14. Respondents also assert that grounds two and three were not properly exhausted because Petitioner failed to appeal the denial of these two claims of ineffective assistance of trial counsel. Id. The Court will address Petitioner's three grounds, see Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992), but no evidentiary proceedings are required in this Court.

### III. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal petition for habeas corpus. See 28 U.S.C. § 2254; Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S.Ct. 1432 (2017). "AEDPA limits the scope of federal habeas review of state court judgments[.]" Pittman v. Sec'y, Fla. Dep't of Corr., 871 F.3d 1231, 1243 (11th Cir. 2017). As such, AEDPA ensures that federal habeas relief is limited to extreme malfunctions, and not used as a means to attempt to correct state court errors. Ledford, 818 F.3d at 642 (quoting Greene v. Fisher, 132 S.Ct. 38, 43 (2011)).

The Eleventh Circuit recently outlined the parameters of review:

> Thus, under AEDPA, a person in custody
> pursuant to the judgment of a state court
> shall not be granted habeas relief on a claim
> "that was adjudicated on the merits in State

court proceedings" unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or ... was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "For § 2254(d), clearly established federal law includes only the holdings of the Supreme Court—not Supreme Court dicta, nor the opinions of this Court." Taylor v. Sec'y, Fla. Dep't of Corr., 760 F.3d 1284, 1293-94 (11th Cir. 2014).

As for the "contrary to" clause, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Terry Williams v. Taylor, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Under the "unreasonable application" clause, a federal habeas court may "grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts." Id. at 413, 120 S.Ct. 1495. "In other words, a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" Wiggins v. Smith, 539 U.S. 510, 520, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (quoting Lockyer v. Andrade, 538 U.S. 63, 76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)). And "an 'unreasonable application of' [Supreme Court] holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice." Woods v. Donald, --- U.S. ----, 135 S.Ct. 1372, 1376, 191 L.Ed.2d 464 (2015) (per curiam) (quotation omitted). To overcome this substantial hurdle, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification

that there was an error well understood and
comprehended in existing law beyond any
possibility for fairminded disagreement."
<u>Harrington v. Richter</u>, 562 U.S. 86, 103, 131
S.Ct. 770, 178 L.Ed.2d 624 (2011). This is
"meant to be" a difficult standard to meet.
<u>Id</u>. at 102, 131 S.Ct. 770.

<u>Pittman</u>, 871 F.3d at 1243-44.

There is a presumption of correctness of state court's factual
findings, unless the presumption is rebutted with clear and
convincing evidence. 28 U.S.C. § 2254(e)(1). The standard of
proof is demanding, requiring that a claim be highly probable.
<u>Bishop v. Warden, GDCP</u>, 726 F.3d 1243, 1258 (11th Cir. 2013), <u>cert</u>.
<u>denied</u>, 135 S.Ct. 67 (2014). Also, the trial court's determination
will not be superseded if reasonable minds might disagree about the
factual finding. <u>Brumfield v. Cain</u>, 135 S.Ct. 2269, 2277 (2015).
Also of note, "[t]his presumption of correctness applies equally to
factual determinations made by the state trial and appellate
courts." <u>Pope v. Sec'y for Dep't of Corr.</u>, 680 F.3d 1271, 1284
(11th Cir. 2012) (quoting <u>Bui v. Haley</u>, 321 F.3d 1304, 1312 (11th
Cir. 2003)), <u>cert</u>. <u>denied</u>, 568 U.S. 1233 (2013).

In applying AEDPA deference, the first step is to identify the
last state court decision that evaluated the claim on its merits.
<u>Marshall v. Sec'y, Fla. Dep't of Corr.</u>, 828 F.3d 1277, 1285 (11th
Cir. 2016).[3] Once identified, the Court reviews the state court's

_____

[3] As suggested by the Eleventh Circuit in <u>Butts v. GDCP
Warden</u>, 850 F.3d 1201, 1204 (11th Cir. 2017), <u>petition</u> <u>for</u> <u>cert</u>.
<u>filed</u>, (U.S. Sept. 29, 2017) (No. 17-512), in order to avoid any

decision, "not necessarily its rationale." <u>Pittman</u>, 871 F.3d at 1244 (quoting <u>Parker v. Sec'y for Dep't of Corr.</u>, 331 F.3d 764, 785 (11th Cir. 2003) (citation omitted)).

Regardless of whether the last state court provided a reasoned opinion, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." <u>Harrington v. Richter</u>, 562 U.S. 86, 99 (2011). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." <u>Richter</u>, 562 U.S. at 99-100 (citing <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991)).

Where the last adjudication on the merits is unaccompanied by an explanation, the petitioner must demonstrate there was no reasonable basis for the state court to deny relief. <u>Id</u>. at 98. "[A] habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the] Court." <u>Richter</u>, 562 U.S. at 102; <u>Marshall</u>, 828 F.3d at 1285.

---

complications if the United States Supreme Court decides to overturn Eleventh Circuit precedent as pronounced in <u>Wilson v. Warden, Ga. Diagnostic Prison</u>, 834 F.3d 1227 (11th Cir. 2016) (en banc), <u>cert</u>. <u>granted</u>, 137 S.Ct. 1203 (2017), this Court, will employ "the more state-trial-court focused approach in applying § 2254(d)[,]" where applicable.

Although the § 2254(d) standard is difficult to meet, it was meant to be difficult.  _Rimmer v. Sec'y, Fla. Dep't of Corr._, No. 15-14257, 2017 WL 5476795, at *11 (11th Cir. Nov. 15, 2017) (opining that to reach the level of an unreasonable application of federal law, the ruling must be objectively unreasonable, not merely wrong or even clear error).  Indeed, in order to obtain habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  _Richter_, 562 U.S. at 103.

### IV.  PROCEDURAL HISTORY

Respondents provide an in-depth procedural history in their Response.  Response at 2-8.

### V.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

#### A.  Ground One

Petitioner in his first ground claims his trial counsel was ineffective for failure to object contemporaneously to the prosecution's misstatement that "Antonio Bell gave correct information," resulting in the jury being mislead and Petitioner being prejudiced by the implication that he made a statement on the stand.  Petition at 5.  The record shows the prosecutor made the following statement in closing argument:

> The shooting occurred at 2:30 a.m. and by 12:00 noon Antonio Robinson was knocking on the front door of the Jacksonville Sheriff's

- 7 -

> Office. He came from Riverside to downtown on
> a Saturday on Florida Georgia weekend. He
> fought the crowds, fought the bustle to make
> sure that he got down to the Police Memorial
> Building so he could tell somebody about some
> information he had on a homicide, to tell
> about what Keyon Bell did, the joke that he
> thought that Keyon Bell had made which wasn't
> a joke but, in fact, a very deadly serious
> confession to him. He tried me so I merked
> him.
> **Antonio Bell gave correct information.**
> The defendant gave false information. The
> defendant lied to the police.

Ex. B at 787-88 (emphasis added). No objection was made to the
prosecutor's comment.

Respondents assert that this claim is unexhausted and
procedurally defaulted. Response at 25-45. They contend that
Petitioner has not demonstrated cause and prejudice, nor has he
shown that a fundamental miscarriage of justice will result if the
claim is not addressed on its merits. Id.

In addressing the question of exhaustion, this Court must ask
whether Petitioner's claim was fairly raised in the state court
proceedings:

> Before seeking § 2254 habeas relief in
> federal court, a petitioner must exhaust all
> state court remedies available for challenging
> his conviction. See 28 U.S.C. § 2254(b), (c).
> For a federal claim to be exhausted, the
> petitioner must have "fairly presented [it] to
> the state courts." McNair v. Campbell, 416
> F.3d 1291, 1302 (11th Cir. 2005). The Supreme
> Court has suggested that a litigant could do
> so by including in his claim before the state
> appellate court "the federal source of law on
> which he relies or a case deciding such a
> claim on federal grounds, or by simply
> labeling the claim 'federal.'" Baldwin v.

<u>Reese</u>, 541 U.S. 27, 32, 124 S.Ct. 1347, 158
L.Ed.2d 64 (2004). The Court's guidance in
<u>Baldwin</u> "must be applied with common sense and
in light of the purpose underlying the
exhaustion requirement"—namely, giving the
state courts "a meaningful opportunity" to
address the federal claim. <u>McNair</u>, 416 F.3d at
1302. Thus, a petitioner could not satisfy the
exhaustion requirement merely by presenting
the state court with "all the facts necessary
to support the claim," or by making a
"somewhat similar state-law claim." <u>Kelley</u>,
377 F.3d at 1343-44. Rather, he must make his
claims in a manner that provides the state
courts with "the opportunity to apply
controlling legal principles to the facts
bearing upon (his) [federal] constitutional
claim." <u>Id</u>. at 1344 (quotation omitted).

<u>Lucas v. Sec'y, Dep't of Corr.</u>, 682 F.3d 1342, 1351-52 (11th Cir.

2012), <u>cert</u>. <u>denied</u>, 568 U.S. 1104 (2013).

The doctrine of procedural default requires the following:

Federal habeas courts reviewing the
constitutionality of a state prisoner's
conviction and sentence are guided by rules
designed to ensure that state-court judgments
are accorded the finality and respect
necessary to preserve the integrity of legal
proceedings within our system of federalism.
These rules include the doctrine of procedural
default, under which a federal court will not
review the merits of claims, including
constitutional claims, that a state court
declined to hear because the prisoner failed
to abide by a state procedural rule. <u>See</u>,
<u>e.g.</u>, <u>Coleman</u>, <u>supra</u>, at 747–748, 111 S.Ct.
2546; <u>Sykes</u>, <u>supra</u>, at 84–85, 97 S.Ct. 2497. A
state court's invocation of a procedural rule
to deny a prisoner's claims precludes federal
review of the claims if, among other
requisites, the state procedural rule is a
nonfederal ground adequate to support the
judgment and the rule is firmly established
and consistently followed. <u>See</u>, <u>e.g.</u>, <u>Walker
v. Martin</u>, 562 U.S. ————, ————, 131 S.Ct.
1120, 1127–1128, 179 L.Ed.2d 62 (2011); <u>Beard</u>

v. Kindler, 558 U.S. ----, ----, 130 S.Ct. 612, 617-618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. See Coleman, 501 U.S., at 750, 111 S.Ct. 2546.

Martinez v. Ryan, 566 U.S. 1, 9-10 (2012).

In Martinez, the Supreme Court expanded the "cause" that may excuse a procedural default. Id. at 9. The Supreme Court explained:

> Allowing a federal habeas court to hear a claim of ineffective assistance of trial counsel when an attorney's errors (or the absence of an attorney) caused a procedural default in an initial-review collateral proceeding acknowledges, as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim. From this it follows that, when a State requires a prisoner to raise an [ineffective assistance of trial counsel] claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying [ineffective assistance of trial counsel] claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf.

> Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct.
> 1029, 154 L.Ed.2d 931 (2003) (describing
> standards for certificates of appealability to
> issue).

Martinez v. Ryan, 566 U.S. at 14.

Respondents assert that this Court is procedurally barred from reviewing this ground. After giving due consideration to this assertion, the Court finds that ground one is unexhausted because Petitioner failed to fairly raise his claim in the state court system, thus the trial court never considered the merits of this claim.

Procedural defaults may be excused under certain circumstances; "[a] petitioner who fails to exhaust his claim is procedurally barred from pursuing that claim on habeas review in federal court unless he shows either cause for and actual prejudice from the default or a fundamental miscarriage of justice from applying the default." Lucas, 682 F.3d at 1353 (citing Bailey v. Nagle, 172 F.3d 1299, 1306 (11th Cir. 1999) (per curiam)). The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." Johnson v. Ala., 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926 (2002).

Petitioner did not fairly and/or properly present this federal constitutional claim to the state courts. Any further attempts to seek post conviction relief in the state courts on this ground will

be unavailing.  As such, he has procedurally defaulted this claim of ineffective assistance of counsel.

In the Petition, Petitioner contends that this procedural default should be excused because he received the ineffective assistance of counsel for his post conviction proceedings in state court, but he recognizes that in order to overcome his default, he must also demonstrate that the underlying ineffectiveness claim is substantial.  Petition at 5.  Importantly, "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." <u>Martinez</u>, 566 U.S. at 14 (citation omitted).

Upon review of the record, Petitioner may not have had representation at the inception of his post conviction proceeding, but he was represented by William J. Sheppard, Esquire, and Matthew Kachergus, Esquire, after the original and supplemental post conviction motions were filed.  Ex. I at 33-34.  Mr. Sheppard entered a notice of appearance but did not amend or add any post conviction claims.  <u>Id</u>.  The trial court noted in a footnote that apparently Mr. Sheppard adopted the grounds as stated in the motions as he requested an evidentiary hearing on the motions.  <u>Id</u>. at 54 n.1.  Mr. Kachergus, Mr. Sheppard's law partner, appeared as Petitioner's counsel at the Rule 3.850 evidentiary hearing.  Ex. J. As Petitioner had post conviction counsel, he could have asked counsel to evaluate and assess whether additional claims should be

made during the post conviction proceeding. Apparently, Petitioner did not make this inquiry as he neither alleges or shows that such an inquiry was made. Finally, the Court recognizes that Mr. Sheppard represented Petitioner on appeal from the denial of post conviction relief. Ex. M; Ex. O.

Petitioner has not alleged or demonstrated that Mr. Kachergus and Mr. Sheppard's performances as post conviction counsel amounted to ineffective assistance of counsel. See Martinez v. Ryan, 132 S.Ct. at 1320 ("Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance of counsel at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.").

Since Petitioner had counsel in his post conviction proceeding, this Court's inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" Rompilla v. Beard, 545 U.S. 374, 381 (2005) (citations omitted). The standard is reasonably effective counsel, not the perfect assistance of counsel. Petitioner has failed to show that Mr. Kachergus and Mr.

Sheppard's representation as post conviction counsel fell below an objective standard of reasonableness. Petitioner has also failed to show that there was a reasonable probability that the results of the post conviction proceeding would have been different but for the actions and/or omissions of his counsel.

This Court finds that ground one is unexhausted and procedurally defaulted. Petitioner has failed to show cause and prejudice or that a fundamental miscarriage of justice will result if the Court does not reach the merits of the claim. Although Petitioner claims that his procedural default should be excused, relying on Martinez, Petitioner has failed to show that he falls within the narrow parameters of the ruling in Martinez, which recognized a narrow exception for ineffective assistance of counsel at initial-review collateral proceedings.[4] As such, Petitioner has

_____

[4] Petitioner has failed to demonstrate that the underlying ineffective assistance claim is a substantial one. Of note, twice during the trial, the prosecutor misspoke, mixing up the names Robinson and Bell. Ex. B at 407, 453. During closing argument, the prosecutor blended two names, calling Antonio Robinson "Antonio Bell." Post conviction counsel acknowledged the prosecutor's misstatement in the Post Hearing Memorandum of Law. Ex. I at 72 ("Antonio Bell [Robinson]"). The state also noted the misstatement: "[t]he transcript reflects 'Antonio Bell gave correct information.' The undersigned attorney, who made the closing argument, misspoke and conflated the names of witness Antonio Robinson, and the Defendant, Keyon Bell." Ex. K at 984 n.2. The state, in its Memorandum on Defendants' Motion for Postconviction Relief, referred to "Antonio [Robinson]." Id. at 984. The trial court also recognized the misstatement in its Order Denying Defendant's Motion for Postconviction Relief and Supplemental Claim for Postconviction Relief at 21 n.1, noting that at the evidentiary hearing, the state acknowledged its closing argument misstatement. Clearly, based on all of these notations and corrections, it was well understood that the prosecutor was referring to Antonio

- 14 -

failed to establish cause for the procedural default of his claim of ineffective assistance of trial counsel raised in ground one of the Petition.

Even assuming Petitioner's claim is not procedurally barred, he is not entitled to federal habeas relief. He has failed to carry his burden of showing that his trial counsel's representation fell outside the range of reasonably professional assistance. Moreover, even assuming deficient performance, Petitioner has not shown resulting prejudice. Indeed, he has not shown that a reasonable probability exists that the outcome of the case would have been different if trial counsel had objected contemporaneously to the prosecution's misstatement that "Antonio Bell gave correct information."[5]

---

Robinson when he referred to him as "Antonio Bell."

[5] The prosecutor, in closing argument, pointed out that Antonio Robinson, a witness, testified that Petitioner's statement that he was not at De Real Ting on the night of the shooting was untrue because Petitioner was at the café. Ex. B at 786. The prosecutor continued to discuss Antonio Robinson's testimony, reminding the jury that Robinson testified that he told the police about the shooting and the content of the remarks made by Petitioner after the shooting. Id. at 787-88. At that point, the prosecutor apparently confused the name of the witness with the name of the defendant and said, "Antonio Bell gave correct information." Id. at 788. Of note, there was no witness named Antonio Bell. Finally, the prosecutor said the defendant gave false information and lied to the police. Id. The record reflects that although Petitioner did not testify during the trial, during rebuttal, Detective Meacham testified and played the police interview of Petitioner, in which Petitioner stated that on the night at issue, he was at the corner store of his house, and then went home. Ex. B at 666, 724-25. In this interview, Petitioner denied having gone to De Real Ting Café that evening. Id. at 741-42. Reviewing the prosecutor's mis-statement in context, the

As such, Petitioner's ineffectiveness claim is without merit
since he has shown neither deficient performance nor resulting
prejudice.  Thus, Petitioner is not entitled to relief on ground
one.

## B.  Grounds Two and Three

In addition, Respondents contend that grounds two and three of
the Petition are unexhausted and procedurally defaulted because
Petitioner did not raise his claims on appeal of the denial of the
Rule 3.850 motion.  Response at 14.  Petitioner did not reply to
this assertion as he relies on his Petition.

Petitioner filed a pro se Rule 3.850 motion.  Ex. I at 1-30.
He filed a supplemental claim for post conviction relief.  Id. at
31-33.  Mr. Sheppard entered his appearance and requested an
evidentiary hearing.  Id. at 33-34, 52-53.  The circuit court
granted an evidentiary hearing as to ground six of the Rule 3.850
motion.  Id. at 54-65.  The court conducted an evidentiary hearing
on December 16, 2013.  Ex. J at 1399-1468.  After the filing of
post evidentiary hearing memoranda, Ex. I at 70-83 & Ex. K, the

---

prosecutor was referring to Antonio Robinson when he mistakenly
called him Antonio Bell.  The prosecutor was asking the jury to
give weight to Robinson's testimony and to reject the content of
Petitioner's interview statement in which he said he was not at De
Real Ting Café on the evening of the offense.  As to any suggestion
that the prosecutor was trying to suggest or impart that Petitioner
had confessed to the police, the jury heard Petitioner's statement
to the police, and it did not contain a confession.  The reference
to "confession" concerned Keyon Bell's remarks to Robinson that the
victim had "started acting stupid[,]" so Bell "merked" or killed
the victim.  Id. at 419, 788.

trial court entered an order denying post conviction relief as to the motion and supplemental claim. Ex. L.

Petitioner, through counsel, appealed the trial court's decision, raising two claims of error.[6] Ex. M. The state answered. Ex. N. Petitioner replied. Ex. O. The First District Court of Appeal affirmed per curiam on January 16, 2015. Ex. P. The mandate issued on February 3, 2015. Ex. Q.

Here, Petitioner was required to file an appeal brief because he received an evidentiary hearing on his Rule 3.850 motion. Rule 9.141(b)(3)(C), Fla. R. App. P. Although he filed an appeal brief, he did not brief the claims raised at bar, electing to brief different issues. See Cortes v. Gladish, 216 F. App'x 897, 899 (11th Cir. 2007) (per curiam) (finding failure to address issues in an appellate brief would constitute a waiver only if the Petitioner received an evidentiary hearing on a Rule 3.850 motion); Rogers v. Sec'y, Dep't of Corr., No. 8:07-CV-1375-T-30TGW, 2010 WL 668261, at *53 (M.D. Fla. Feb. 19, 2010) (not reported in F.Supp.2d) (citing Cortes and finding Rogers waived and defaulted his claim by not briefing the claim, after receiving an evidentiary hearing on his Rule 3.851 motion in state court); Johnson v. McNeil, No. 4:08-cv-00221-MP-MD, 2009 WL 4042975, at *6 (N.D. Fla. Nov. 20, 2009) (not reported in F.Supp.2d) (citing Cortes for the proposition that "had

---

[6] Exhaustion requires that an appeal be taken from the denial of a post conviction motion. Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979) (per curiam).

the petitioner received an evidentiary hearing on his Rule 3.850 motion, his failure to address issues in his appellate brief would constitute a waiver of those issues, and they would be considered procedurally defaulted"); Williams v. McDonough, No. 8:02-CV-965-T-30MAP, 2007 WL 2330794, at *2 (M.D. Fla. Aug. 14, 2007) (not reported in F.Supp.2d) (finding Petitioner received an evidentiary hearing on his Rule 3.850 motion, and "[t]herefore, Petitioner was required to file a brief, he did file a brief, and his failure to address [the grounds] in his brief constitutes a waiver of those issues.").

As noted by this Court, an appeal following a post conviction proceeding for which an evidentiary hearing was granted requires briefs, and failure to include issues in the appeal brief is abandonment of those claims:

> In an unpublished opinion, the Eleventh Circuit addressed this issue and differentiated between a state postconviction appeal following a summary denial and an appeal following a postconviction proceeding for which an evidentiary hearing was granted, as it was in this case:

> > Cortes's appeal did not follow an evidentiary hearing, and, therefore, he was not required to file an appellate brief. Furthermore, his decision to do so and to address only some of the issues does not waive the remaining issues raised in his Rule 3.850 motion. See Webb v. State, 757 So.2d 608, 609 (Fla. Dist. Ct. App. 2000). Therefore, Cortes did exhaust his state remedies prior to filing his § 2254 petition. **In contrast, had Cortes**

**received an evidentiary hearing, his failure to address issues in his appellate brief would constitute a waiver.** (footnote omitted).

<u>Cortes v. Gladish</u>, 2007 U.S.App. LEXIS 2833, 216 Fed.Appx. 897 (11th Cir. 2007) (emphasis added). The Eleventh Circuit correctly stated that in Florida, in non-summary proceedings, briefs are required and failure to include and argue any preserved issue in the initial brief acts as a waiver. <u>See</u> <u>Coolen v. State</u>, 696 So.2d 738, 742 n. 2 (Fla. 1997) (stating that a failure to fully brief and argue points on appeal "constitutes a waiver of these claims") (quoted in <u>Simmons v. State</u>, 934 So.2d 1100, 1111 (Fla. 2006)). <u>See also</u>, <u>Hall v. State</u>, 823 So.2d 757, 763 (Fla. 2002) ("[A]n issue not raised in an initial brief is deemed abandoned and may not be raised for the first time in a reply brief.").

Florida Rule of Appellate Procedure 9.141(b)(2) provides that in appeals from the summary denial of a Rule 3.850 motion without an evidentiary hearing, "[n]o briefs or oral argument shall be required, but any appellant's brief shall be filed within 15 days of the filing of the notice of appeal. The court may request a response from the appellee before ruling." Fla. R. App. P. 9.141(b)(2)(C). In contrast, in an appeal of a Rule 3.850 order after an evidentiary hearing, the movant is required to file an appellate brief, and the movant waives a claim if he does not include the claim in the brief without argument on the claim. <u>See</u>, <u>e.g.</u>, <u>Shere v. State</u>, 742 So.2d 215, 224 n. 6 (Fla. 1999) ("In a heading in his brief, Shere asserts that the trial court erred by summarily denying nineteen of the twenty-three claims raised in his 3.850 motion. However, for most of these claims, Shere did not present any argument or allege on what grounds the trial court erred in denying these claims. We find that these claims are insufficiently presented for review."); <u>Duest v. Dugger</u>, 555 So.2d 849 (Fla. 1990) ("Duest also seeks to raise eleven other claims by simply referring

to arguments presented in his motion for postconviction relief. The purpose of an appellate brief is to present arguments in support of the points on appeal. Merely making reference to arguments below without further elucidation does not suffice to preserve issues, and these claims are deemed to have been waived").

Mathews v. Sec'y, Dep't of Corr., 8:08-cv-512-T-17MAP, 2008 WL 5111239, at *7 (M.D. Fla. Dec. 3, 2008) (not reported in F.Supp.2d) (emphasis in original).

Here Petitioner received a non-summary proceeding, thus, briefs were required, and Petitioner's failure to fully brief and argue points on appeal constituted a waiver of those grounds. As a consequence, Petitioner waived the issues raised in grounds two and three of the Petition and they are procedurally defaulted. Petitioner has not shown cause and prejudice or that a fundamental miscarriage of justice will result if the issues are not address on their merits. Petitioner "cannot show valid cause to excuse his default because his collateral appellate counsel elected not to press the claim [Petitioner] now presents to this Court." Id. at *8. Furthermore, Petitioner "does not meet the prejudice or manifest injustice exceptions to lift the independent and adequate state bars applicable to his grounds." Id.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The Second Amended Petition for Writ of Habeas Corpus (Doc. 18) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

- 20 -

2.    The **Clerk of the Court** shall enter judgment accordingly and close this case.

3.    If Petitioner appeals the denial of his Second Amended Petition, **the Court denies a certificate of appealability**.[7] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of December, 2017.

_Brian J. Davis_

_____
BRIAN J. DAVIS
United States District Judge

sa 11/21
c:
Counsel of Record

_____

[7] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

- 21 -